ANTHONY N. BROWN, *a minor, etc., et al., by their Guardian,
John S. Branner,* v. CHESTER THOMAS, JR., *as Sheriff of
Shawnee County, et al.*

AGREEMENT, *Not Subject to Taxation.*    Where an agreement is executed
to sell real estate upon conditions precedent, and no notes are given
for the purchase-money, and it is stipulated that time is of the es-
sence of the agreement, and neither the legal nor the equitable title
to the land is transferred thereby, *held,* that the agreement is not sub-
ject to taxation.

*Error from Shawnee District Court.*

JOHN S. BRANNER, guardian of the persons and estates
of Anthony N. Brown and other minors, brought this action
for said minors on July 24, 1885, against *Chester Thomas, jr.,*
sheriff of Shawnee county, and *A. J. Huntoon,* treasurer of
that county, to restrain and enjoin them from the collection

of taxes levied upon certain agreements for the sale of real estate. One of the said agreements is as follows:

"This agreement, made and entered into by and between John S. Branner, guardian of the persons and estates of Anthony N. Brown, minor child of Nicholas Brown and Millie Brown, both now deceased, and Millie Klein and Josie Klein, minor children of Jacob Klein and Millie Klein, both now deceased, of Shawnee county and state of Kansas, of the first part, and Samuel F. Davison of the county of Shawnee and state of Kansas, of the second part, witnesseth: That the said party of the first part, as such guardian, by virtue of the orders of the probate court of Shawnee county in the state of Kansas, made and dated on the 18th day of May, 1880, and the 16th day of December, 1880, hereby agrees to sell unto the said party of the second part, his heirs and assigns, upon the strict performance of the conditions of this contract as hereinafter stated, all of the right, title and interest of all of said minor children in and to all of the following-described real estate, situate in the county of Shawnee and state of Kansas, to wit, lots numbered thirty-six, thirty-eight, and forty, on Klein avenue north, in Klein's addition to the city of Topeka, according to the plat made and filed and now of record in the office of the register of deeds of Shawnee county, Kansas, in accordance with an order of the said probate court, dated May 18, 1880, for and in consideration of the sum of five hundred and fifty dollars, that being more than three-fourths of the appraised value of said real estate, upon the terms and conditions hereinafter mentioned, to wit:

"That said party of the second part covenants and agrees to pay unto the said party of the first part, or his successors in office, for the said real estate, the said sum of five hundred and fifty dollars as follows, to wit, forty-five dollars cash in hand, the receipt of which is hereby acknowledged; and five hundred and five dollars to be paid on or before December 7, 1886, with interest thereon from date until paid, at the rate of ten per cent. per annum, interest payable annually.

"And the said party of the first part, as such guardian, on receiving said sum and sums of money at the time and in the manner hereinbefore mentioned, agrees to convey or cause to be conveyed the said interest of said minors in and to said real estate to said party of the second part, his heirs or assigns, in conformity with the provisions of the act of the legislature of the state of Kansas entitled 'An act concerning guardians and wards,' approved February 29, 1868, and 'An act respect-

ing executors and administrators, and the settlement of the estates of deceased persons,' approved February 28, 1868; subject, however, to all taxes and assessments that become due thereon after this date, all of which taxes the party of the second part agrees to pay when the same become due.  But if the said party of the second part shall fail to perform any or either of the agreements herein on his part, at the time and according to the conditions herein stated, time being of the essence of this contract, then this agreement shall, at the option of said party of the first part and the consent of said probate court, be forfeited and determined from thenceforth and forever; and any and all money which may then have been paid on said agreement, and all improvements which may be upon said real estate, shall be retained by the said 'party of the first part for and in consideration of the use and rent of said premises up to the time of such forfeiture; and the said party of the first part shall thereupon be entitled to the possession of said premises; and the said party of the second part hereby waives all notice to quit, or demand for the possession of said premises or any part thereof, and hereby authorizes the party of the first part, or his agents, to enter and take possession thereof, and remove all persons therefrom, without any recourse whatever to any proceedings at law or in equity.

"And it is further agreed that said party of the second part shall, within sixty days after the erection of any building or buildings upon said property, or any part thereof, cause the said building or buildings to be insured in some responsible insurance company for an amount not less than the purchase-price of said lots, for the benefit of said party of the first part, which policy or policies of insurance shall be immediately assigned to said first party as an additional security for the purchase-price of said lots.  And if said second party shall, within the time required, fail to effect such insurance, or to assign such policy or policies to said first party, then such first party shall have the right to obtain such insurance, and the amount paid therefor shall be charged to said second party, and shall be paid by him before he shall be entitled to receive a deed for said property.

"This agreement is made subject to any lawful order or orders that may hereafter be made by the probate court for Shawnee county in relation to sale of said real estate.

"And the parties hereby agree to faithfully observe and perform any and all such orders in relation thereto as may be lawfully made by said probate court.

"In witness whereof, the said parties have hereunto set their hands and seals, this 7th day of December, 1881.

JOHN S. BRANNER.  [Seal.]
S. F. DAVISON.     [Seal.]

"STATE OF KANSAS, SHAWNEE COUNTY, ss.: Be it remembered, that on this 2d day of April, eighteen hundred and eighty-three, before me, the undersigned, a notary public in and for said county and state, came John S. Branner, guardian, and Samuel F. Davison, who are personally known to me to be the same persons described and who executed the foregoing agreement for a deed, and they duly acknowledged the execution of the same.

"In testimony whereof, I have hereunto subscribed my name, and affixed my official seal, on the day and year last above written.      [Seal.]      ARCHIBALD A. AUSTIN,
*Notary Public, Shawnee County, Kansas.*
(My commission expires September 8, 1884.)"

On August 27th, 1885, the defendants demurred to the petition, alleging that it did not state facts sufficient to constitute a cause of action. On December 28, 1885, the demurrer was sustained. The plaintiffs excepted, and bring the case here.

*William R. Hazen,* for plaintiffs in error.

*Charles Curtis,* county attorney, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The agreement for the sale of the real estate described in the petition confers neither the legal nor the equitable title upon Davison. It is simply an agreement to sell real estate upon conditions precedent, and sets forth a conditional sale only. In the contract it is stipulated in substance that time is of the essence thereof; that the failure to perform any of its conditions shall render the contract null and void; and that by such failure the party holding under the contract shall forfeit to the other party all the money paid thereon, all improvements made on the premises, and all right to compensation therefor; and that he shall cease to have any interest therein. (*Comm'rs of Douglas Co. v. U. P. Rly. Co.,* 5 Kas. 615; *Parker v. Winsor,* 5 id. 362; *McNamara v. Culver,* 22 id. 661; *Eckert v. McBee,* 27 id. 232.)

When land is sold and conveyed, and notes are given for the purchase-money, the vendee may be taxed for the land and the vendor for the notes received for the purchase-money; but where the vendor still owns the land, and also owns it conditionally, as in this case, we do not think that he can be taxed upon the land contract. (See *Wilcox v. Ellis*, 14 Kas. 588; *C. B. U. P. Rld. Co. v. Wilcox*, 14 id. 259.) The maxim that equity considers that when land is sold on credit, and the deed is to be made when the purchase-money is paid, that the land at the time of the purchase becomes the vendee's, and the purchase-money the vendor's; that the vendor becomes the trustee of the vendee with respect to the land, and the vendee the trustee of the vendor with respect to the purchase-money, is not applicable here.

Davison has the option to purchase. Under the agreement he has the possession of the land, and pays therefor the taxes and certain interest; but the legal title has not passed to him, because no deed or other conveyance has yet been made; and the equitable title has not passed, because the land has not been paid for, and because—on account of the provisions for forfeiture—it is clearly the intention of the parties, as indicated in the contract, that such title shall not pass until the land is paid for. Davison has a contingent or conditional equity in the land, but he is in danger of forfeiting the same, and if forfeiture occurs, his contingent or conditional equity ceases. If we could consider the agreement a mortgage merely, then as personal property it would be taxable. As the agreement cannot be construed into a mortgage, nor as creating a debt, but being a conditional sale only, we must hold that it is not subject to taxation.

If it be claimed that the agreement is a credit, and therefore taxable, the claim is defeated by the definition given to "credit" by the tax law, as follows: "The term 'credit,' when used in this act, shall mean and include every demand for money, labor, or other valuable thing, whether due or to become due, but not secured by lien on real estate." (Comp. Laws of 1885, p. 945; *Lappin v. Comm'rs of Nemaha Co.*, 6 Kas. 403.) We

do not think the agreement creates a debt, but if any demand for money is created thereby, it is secured on real estate, and therefore not a "credit" within the statute.

The judgment of the district court will be reversed, and the cause remanded, with direction to the court below to overrule the demurrer filed to the petition.

All the Justices concurring.