JOHN HICKS ET AL. v. WILLIAM S. TURCK AND TOWNSEND A. ELY.

*Equity—Agreement to execute note and mortgage—Specific performance.*

The specific performance of an agreement by grantees who have taken possession of the land conveyed to them, which is located in another state, to secure the unpaid purchase price by note, and a mortgage upon the land, will be enforced in equity.

Appeal from Clinton.    (Smith, J.)    Argued June 28, 1888.    Decided November 1, 1888.

Bill for specific performance. Defendants appeal. Decree overruling demurrer, with leave to answer, affirmed. The facts are stated in the opinion.

---

*O. L. Spaulding,* for complainants, contended:

1. Specific performance will be decreed when the party wants the thing in specie, and cannot be otherwise compensated, or where compensation in damages would fall short of the redress to which he is entitled, or when award of damages would not put him in as beneficial a situation as a specific performance of the agreement; citing *Stuyvesant v. Mayor,* 11 Paige, 414; *Dye v. Forbes,* 24 N. W. Rep. 309; 2 Story, Eq. Jur. § 716; *McMullen' v. Vanzant,* 73 Ill. 190.

2. If the objection is now made, which was not made below, that the bill must fail because the lands are in Nebraska, we cite: *Ward v. Arredondo,* Hopk. Ch. 213; *Mitchell v. Bunch,* 2 Paige, 606; *Sutphen v. Fowler,* 9 Id. 280; *Newton v. Bronson,* 13 N. Y. 587; *Cleveland v. Burrill,* 25 Barb. 532; *Pingree v. Coffin,* 12 Gray, 304, 305.

*James L. Clark* and *George P. Stone,* for defendants, contended:

1. It is not a matter of course to decree specific performance of contracts; citing *McMurtrie v. Bennette,* Har. Ch. 124; *Williams v. Williams,* 6 N. W. Rep. 815; *Menasha v. Railroad Co.,* 27 Id. 169.

2. The general rule is that equity will not entertain jurisdiction to enforce the specific performance of a contract respecting personalty; citing *Pierce v. Plumb,* 74 Ill. 327; *Parker v. Garrison,* 61 Id. 250; *Barton v. DeWolf,* 108 Id. 195; *Cohn v. Mitchell,* 115 Id. 124; *Jones v. Newhall,* 115 Mass. 244.

3. Equity will not decree specific performance unless something more is to be accomplished than mere payment of money, because the law furnishes an adequate remedy; citing *Pierce v. Plumb,* 74 Ill. 327; *Bonebright v. Pease,* 3 Mich. 318; *Kauffman's Appeal,* 55 Penn. St. 383; *Dech's Appeal,* 57 Id. 467.

4. The agreement sought to be enforced is simply one for the payment of a sum of money in specific articles, and upon default an action at law lies the same as upon a promissory note; citing *Pinney v. Gleason,* 5 Wend. 394; 3 Pars. Cont. (7th ed.) 216, 217; *Trebilock v. Wilson,* 12 Wall. 687.

5. The courts of one state have no power or jurisdiction over the title to land in another state; citing *Cooley v. Scarlett,* 38 Ill. 316.

SHERWOOD, C. J.  The bill in this case is filed to obtain a decree for the specific performance of a contract reading as follows:

"RIVERTON, NEB., October 31, 1885.

"Due David S. French, attorney in fact for Hicks, Bennett & Co., eighteen thousand three hundred and sixty-six dollars ($18,366.00), being the balance on consideration of one-half interest in personal property and lands this day sold Robert M. Steel, John Hicks, William S. Turck, and Townsend A. Ely; above sum to be paid by assignment of a certain mortgage on lands in Gratiot county, Michigan, to said David S. French, attorney, for $2,000; and balance of sixteen thousand three hundred and sixty-six dollars ($16,366) to be paid by promissory note due and payable on or before five years from date, with annual interest at seven per cent. per annum, said note secured by mortgage on the undivided one-half interest in said ranch property, as collateral security for payment of said sum of sixteen thousand three hundred and sixty-six dollars, and interest as aforesaid.

"WM. S. TURCK.
"TOWNSEND A. ELY."

The bill states that at the time the note was given the complainants were a firm located and doing business under the name of Hicks, Bennett & Co., in Michigan, and were seized of a large quantity of lands in the county of Franklin, in the state of Nebraska, the particular description of which is fully set out in the bill; that on that day said firm, by David S. French, its attorney in fact, conveyed by full covenant warranty deed the lands described in the bill to John Hicks and Robert M. Steel, who resided at St. Johns, Mich., and the defendants, who resided at Alma, Mich., for the sum of $32,732; that the purchasers upon said sale entered upon said premises, and ever since have had the actual possession thereof.

That on the same day Hicks, Bennett & Co. sold to the grantees in said deed all the cattle, stock, hay, grain, farming implements, tools, and other personal property on said land for the sum of $10,000; that in consideration of the premises, and in payment to the complainants for the undivided one-half of the said real and personal property, Turck and Ely, who knew all about the

lands, the title of complainants thereto, and the condi-
tion of the personal property, agreed to pay to complain-
ants $21,366, being one-half of the total purchase price
of the land and personal property, the payments to be
made as follows: $3,000 in their promissory note due in
two years, which they then gave, and that they would.
secure and pay the balance of the purchase price by
assigning to the said French, who was attorney in fact.
of the complainants, a certain real-estate mortgage of
$2,000 on lands in Gratiot county, Mich., and for the
remaining sum of $16,366 would at once execute and
deliver to French, for complainants, their promissory note
for that amount, due on or before five years from the
date thereof, with annual interest at 7 per cent., and
secure the payment of the same by mortgage on the
undivided half of the lands so deeded to them.

That the said $2,000 mortgage was assigned, as prom-
ised, by the said defendant Turck, but the said defend-
ants refused to and have not made the note and mortgage
to complainants for the $16,366, as they agreed to do,
and still refuse to comply with complainants' request for
them so to do.

Complainants further say and aver in their bill that
they have complied in all things with and fully kept their
agreement with said defendants, and performed all its
requirements on their part in the premises, and are now
entitled to have said note and mortgage from said defendants.
as they promised to make them, in accordance with the writ-
ten agreement hereinbefore referred to, and which was, after
being made by defendants, duly given to said French, for
the complainants, who now have the same.

The complainants ask the court, upon the foregoing
facts, to decree that defendants specifically perform their
agreement with the complainants, and execute and deliver
to them said note and mortgage. The defendants.

appeared in the case, and demurred to complainant's bill, assigning two grounds of demurrer:

1. That the facts set up in the bill are not sufficient to entitle complainants to the relief prayed.

2. That complainants have a complete and adequate remedy at law touching all matters set up in the bill.

The cause was heard before Judge Smith in the Clinton circuit, who made a decree overruling the demurrer, and allowing defendants 20 days in which to answer.

We are satisfied this decree was proper. The defendants had received the full consideration for what the complainants asked. The complainants might have had a remedy at law; but we are by no means sure it would be an adequate one. On the contrary, the remedy at law, when resorted to, is liable to a very great variety of perplexities and embarrassments arising from the want of the note promised, the refusal to give which is a gross violation of their contract, for which the demurrer concedes no excuse can be given. The note was liable to run five years, and complainants had the right to have the amount owing thereon during all the time it did run secured by the mortgage. The land was not within the jurisdiction of the courts in this State. It could be easily transferred to *bona fide* holders, and the perils of insolvency are not beyond the possibilities among business men, as all experience shows. All these are circumstances of more or less embarrassment when the remedy at law is resorted to. It is but equitable and just that this contract should be specifically performed upon the showing made in this bill.

This bill is not filed for an accounting, nor to enforce payment of a debt, but to compel a party to comply with his promise, after receiving the full consideration upon which it was made, to make and execute evidence of indebtedness, and give security for the payment thereof.

There is no proceeding at law which can accomplish this. Equity alone can take cognizance of such a case, and do justice between the parties. The bill furnishes a clear case for the exercise of that sound legal discretion which the court must always use in awarding specific performance, and the learned circuit judge was right in so holding.

The decree below will be affirmed, and the cause remanded, with instructions to the circuit judge to allow defendants 20 days in which to answer the bill after *remittitur* shall have been filed.

The complainants will recover their costs.

The other Justices concurred.