## KING v. WILLIAMS.

Opinion delivered April 8, 1899.

SPECIFIC PERFORMANCE—ORAL MORTGAGE.—An oral agreement by one to execute a mortgage on certain land to another if the latter would release certain mortgages held by him will be enforced where the former has received the benefit of the performance by the latter of his part of the agreement. (Page 335.)

Appeal from Sharp Chancery Court.

JOHN B. McCALEB, Judge.

*Sam H. Davidson*, for appellant.

An oral agreement to execute a mortgage is within the statute of frauds. 8 Am. & Eng. Enc. Law, 697, note 12. The precise terms of an oral contract must be shown before it will be specifically enforced, if at all. 45 Ark. 17; 49 Ark. 306; 44 Ark. 334. Part performance must be shown. 39 Ark. 424. An oral mortgage can not be established in this state. 57 Ark. 220; 12 Ark. 428; 30 Ark. 745; 34 Ark. 346.

*E. B. Kinsworthy*, for appellee.

The appellant owned no other land but that described in the complaint, and hence there could have been no misunderstanding as to it. The description was sufficient. 9 S. W. 867; 13 So. W. 559; 65 Tex. 255; 34 Ark. 251; Tied. Real Prop. § 827, and note; 27 N. J. Eq. 240. Where an oral agreement has been so far performed that the parties cannot be placed *in statu quo*, the statute of frauds does not apply. 8 Am. & Eng. Enc. Law, 738, and note; 64 Ark. 19; Bish. Cont. § 1237; 110 Mich. 143; 9 Peters, 86; 9 Gratt. 1; 29 Ia. 299; 64 Pa. St. 424. Specific performance is within the discretion of the court, and will not be reviewed unless abused. 43 Am. St. Rep. 685; 43 *ib*. 192; 34 *ib*. 672.

BATTLE, J. This action was instituted by John H. Williams against David R. King to compel him to perform an oral contract to execute a mortgage, and at the same time to foreclose the lien to be thereby created.

On the 31st day of December, 1894, the plaintiff, John H. Williams, held two notes, which were executed to him by the defendant, David R. King,—one for the sum of $448.88 and ten per cent. per annum interest thereon from date until paid, bearing date August 10, 1892, and due on the 1st day of January, 1893; the other for the sum of $150 and ten per cent. per annum interest thereon from date until paid, dated January 1, 1893, and due twelve months after date. The former was secured by a mortgage on one house and eleven lots in the town of Center, in the county of Sharp, in this state; and the latter was secured by a mortgage on one hundred and sixty acres of land in the same county.

On or about the first day of January, 1895, the defendant, having agreed to sell the house and eleven lots to A. P. Paden

at and for the price and sum of $500, and to sell twenty acres of the one hundred and sixty acres to Alexander Paden for the sum of one hundred and fifty dollars, orally proposed to plaintiff to pay him $500 in part payment of his indebtedness to him, and to mortgage certain lands to secure the balance thereafter remaining due, if he (plaintiff) would release from the mortgages the property which was held by him as security for debts as before stated. Plaintiff verbally accepted this proposition, and caused the mortgage to secure the note for $150 to be satisfied on the record, and delivered the other to A. P. Paden in release of the property therein described, it not being recorded. The defendant thereupon conveyed the twenty acres to Alexander Paden, and the house and eleven lots to A. P. Paden, who caused the $500 which he agreed to pay for the property conveyed to him to be delivered to the plaintiff. This last-mentioned sum was appropriated, according to agreement, to the satisfaction of the note for $150, and of $28.54, which the defendant owed to the plaintiff on account, and the balance of $293.36, estimated to be thereafter remaining, was applied to the part payment of the note for $448.88, and was credited thereon as paid on the third of January, 1895. Plaintiff received no part of the money paid for the twenty acres sold to Alexander Paden. After entering into the agreement with plaintiff, and consummating the sales and conveyances to the Padens, and receiving the benefit of the performance by plaintiff of his part of the agreement, the defendant moved upon the land, which he proposed to mortgage to plaintiff to secure the unpaid balance of his indebtedness, and made it his place of residence, and occupied it as a homestead, and refused to mortgage it, as he had proposed and agreed to do. In addition to this property and his exemptions, he has not property in this state out of which the plaintiff can collect the amount he owes him by process of law.

Upon this state of facts the trial court decreed that the agreement to mortgage be enforced, and ordered that the lands which were to be encumbered thereby be sold to pay so much of said indebtedness as remains unpaid; and we think it did right. *Cole* v. *Cole,* 41 Md. 301; *Dean* v. *Anderson,* 34 N. J.

Eq. 496; *Irvine* v. *Armstrong*, 31 Minn. 216; *Hicks* v. *Turck*, 72 Mich. 311; *Stoddard* v. *Hart*, 23 N. Y. 556.

Decree affirmed.