Hillsborough, }
  Dec. 6, 1910. }

TESSIER v. NASHUA.

An owner of real estate who holds subject to another's right of purchase and receives interest on the unpaid balance is not taxable for the latter sum as money at interest.

PETITION, for abatement of taxes. Transferred from the May term, 1910, of the superior court by *Plummer*, J., on an agreed statement of facts.

August 1, 1907, the plaintiff, Anna Tessier, gave Albina V. Tessier a bond conditioned to convey certain real estate to the latter upon payment of $20,000 therefor in accordance with the terms of the bond, as follows: $300 on the date of the bond and $600 each six months thereafter, with interest upon the unpaid balance at the rate of five per cent per annum. April 1, 1909, the defendants' assessors taxed the real estate to Albina, who was in possession under the bond, and also taxed the plaintiff for the unpaid balance of the price which Albina was to pay for the property ($19,700), as money at interest. The plaintiff contends that the tax assessed against her is illegal, as there was no money loaned or at interest. The defendants claim that the tax was properly assessed, as the plaintiff was to receive interest on the deferred payments of the purchase price of the property.

*George B. French* and *Wason & Moran*, for the plaintiff.

*Stephen L. Hallinan*, for the defendants.

YOUNG, J. The test to determine whether the tax assessed against the plaintiff is legal is to inquire whether Albina owes her for the land—not whether she is to pay interest on the deferred payments; in other words, whether the plaintiff is both the legal

and equitable owner of the land, subject to Albina's right to purchase it, or whether she retained the legal title to secure the payment of what Albina owed her—the purchase price. It is not clear from the record as to how the fact may be, but if it is to be ascertained from the construction of the bond the tax should be abated; for if Albina fails to meet the payments as they become due, the plaintiff cannot recover them in an action on the bond.

*Case discharged.*

All concurred.