L. E. McGregor, *Appellant,* v. S. W. Ireland, *as County Clerk, etc., et al., Appellees.*

No. 17,420.

SYLLABUS BY THE COURT.

Taxation—*Land Contract—Note—Deed in Escrow—Forfeiture Optional.* Under a contract for the sale of real estate the purchaser paid a substantial part of the price and agreed to pay the balance in five years with annual interest and was immediately given possession. A deed was executed conveying the title to him and placed in escrow to be delivered upon payment of the balance. The purchaser was to have the right at any time to elect not to complete the purchase, in which event he was to forfeit all payments made and sur-

render possession, but was not to be liable for any further payments. *Held*, that the contract is taxable as property of the vendor though not necessarily to be valued at the amount of the purchase price remaining unpaid.

Appeal from Barber district court. Opinion filed February 10, 1912. Affirmed.

*A. L. Noble,* and *J. N. Tincher,* for the appellant.

*Samuel Griffin,* and *Seward I. Field,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: The only question in this case is whether a certain land contract is taxable. The court below held that it was, and refused to enjoin the taxing officers from extending it upon the tax rolls. The plaintiff appeals.

Plaintiff was the owner of 320 acres of land in Barber county, subject to a mortgage of $1100, and entered into a written agreement with H. W. Skinner by the terms of which he agreed to sell the land to Skinner at the price of $10,000 to be paid as follows: $2000 in other real estate to be conveyed to plaintiff, a mortgage of $1100 on the land which the grantee assumed to pay, and the balance, $6900, on or before five years after date with interest at six per cent per annum, payable annually. After the agreement had been prepared by an attorney, Mr. Skinner objected to signing it because of the provision requiring him to execute a note for the $6900, stating that he did not wish to incur any indebtedness upon which he could be sued, and that he would not give a mortgage to go on record. It was thereupon verbally agreed that the contract should be signed but that no note should be executed for the balance, and further, that Skinner should have the right at any time within five years to elect not to take the land, in which event he was to turn the land back to appellant and forfeit all payments made by him.

The contract can not be considered as a mere option in the sense in which that term is generally employed in land contracts, where a sum of money, usually but a relatively small part of the agreed valuation, is paid for the right to demand, within a specified time, a conveyance upon the payment of an agreed price.

"An option is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time." (6 Words & Ph. Jud. Def. p. 5001.)

The owner does not sell his land, nor even agree at that time that he will sell it; he sells the privilege to buy at the option or election of the other person. "The owner parts with his right to sell his lands (except to the second party) for a limited period." (*Ide v. Leiser,* 10 Mont. 5, 11, 24 Pac. 695, 24 Am. St. Rep. 17.) The contract here lacks many of the essential elements of a strict option. Time was not made of the essence of the contract; the owner transferred the use and possession of the land at once to the purchaser; the latter paid a very substantial part of the purchase price. The appellant agreed to sell, and executed a deed to the purchaser which was placed in the bank in escrow to be delivered when the price was paid in full. The purchaser paid the equivalent of $3100 on the price and agreed to pay the balance, $6900, and interest, and has paid the taxes. It is true he has a binding agreement with the appellant that he may at any time elect whether to pay the balance and complete the purchase or forfeit all payments made; and he can not be compelled to pay any part of the balance, provided he elects at any time to forfeit the payments made and to abandon the contract.

Appellant argues that it is wholly immaterial what portion of the price may have been paid at the time of the attempted assessment, or what the probability might be of Skinner's paying out; that by the terms

of the contract there was no point of time at which the right of Skinner would cease to be optional until the purchase was fully consummated. But since time is not of the essence of the contract there would be a point somewhere at which equity would refuse to enforce a forfeiture for failure to pay the balance and would prevent the appellant from ousting the purchaser from possession by an action at law.

In the recent case of *Williams v. Osage County,* 84 Kan. 508, 114 Pac. 858, 34 L. R. A., n. s., 1221, the vendee made a definite promise to pay the remainder of the price and to pay the taxes. The contract was held taxable as personal property, notwithstanding a provision that upon the failure of the purchaser to meet the payments within a reasonable time the contract should terminate and become void. The conveyance was made and delivered to the purchaser and he entered into the possession. The case was distinguished from *Brown v. Thomas, Sheriff,* 37 Kan. 282, 15 Pac. 211, because in the latter time was made the essence of the contract and in the Williams case it was not. The decision is based, as are the cases cited in support of it, upon the proposition that the legal effect of the transaction between the parties, in the language of the court in *Griffin v. Board of Review,* 184 Ill. 275, 56 N. E. 397, "was to create new or additional property, viz., a legally enforceable demand in favor of the appellant (vendor) to recover from said Riehl (vendee) the unpaid balance of the purchase money" (p. 280) which is entirely distinct from the property in the land. In *In re Assessment of Boyd,* 138 Iowa, 583, 116 N. W. 700, 17 L. R. A., n. s., 1220, the same distinction was recognized and the contract was held subject to taxation on the ground that it was an enforceable contract, and therefore a credit, notwithstanding it provided for forfeiture upon default of the purchaser.

There seems to be no conflict in the authorities where the contract is enforceable against the purchaser. In the case before us the contract is not enforceable as an obligation of the purchaser unless it be said that the right of the vendor to enforce it against the land puts it in the same category. In *Tessier v. Nashua,* 75 N. H. 572, 78 Atl. 495, which was an action to set aside an assessment upon the unpaid balance due upon a bond conditioned to convey land upon the payment of a certain sum in installments, the vendee being placed in possession, it was held that the test of the legality of the assessment is whether the vendee owed the plaintiff for the land, not whether she was to pay interest on the deferred payments; in other words, whether plaintiff was both the legal and equitable owner of the land, subject to the vendee's right to purchase it, or whether she retained the legal title to secure the payment of the balance of the purchase price. The court held that the contract was not liable for taxation because it appeared that if the vendee failed to meet the payments the plaintiff could not recover them in an action on the bond.

This is fully in accord with the doctrine of *Williams v. Osage County,* 84 Kan. 508, 114 Pac. 858, 34 L. R. A., n. s., 1221, and the writer is of the opinion that the contract in the case at bar can not be held taxable for the reason that it is not enforceable against the purchaser. The majority of the court hold that it is taxable because it is enforceable against the land; that the equitable title passed to the purchaser subject to being forfeited for default in the payments, the legal title remaining in the vendor as security for the debt; that the transaction between the parties was the same as though a mortgage had been given by the purchaser with a provision that in the event of foreclosure no personal judgment should be rendered against him and that the vendor should in that event look to the land alone for payment. Appellant's right under the con-

tract is to recover the full payment of the purchase price or in default of such payment to retake the land itself, subject to the right of the purchaser at some point to demand an equitable accounting and to be permitted to complete the purchase notwithstanding a default in payment. It is a property right of more or less value, depending upon the circumstances. It is taxable, but it follows by no means that its value is the amount of the purchase price remaining unpaid. It may be surrendered and made of no value by the default of the purchaser. The taxing officers will find some difficulty in arriving at the true value of the interest of the vendor in contracts of this character, especially in cases where but an inconsiderable part of the purchase price is paid when possession is given, and where the installments only approximate the rental value of the property. Such contracts, however, so long as they are in force, are property rights and are taxable; their value depending very largely upon the likelihood of their being carried out and completed.

The judgment is affirmed.

PORTER, J., dissents for reasons stated in the opinion. SMITH, J., concurs in the dissent.