J. F. HARRIS, *Appellant*, v. W. E. FRAVEL et al., as The Board of County Commissioners of the County of Edwards, etc., et al., *Appellees.*

No. 18,200.

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Contract of Sale—Taxable to Vendor.* Within the ruling in *Motzner v. Bogan,* ante, p. 496, 131 Pac. 1193, the contracts for the conveyance of land involved herein are held to be subject to taxation as the property of the seller.

Appeal from Edwards district court. Opinion filed May 10, 1913. Affirmed.

*T. S. Haun,* of Kinsley, for the appellant.

*M. A. Merten,* county attorney, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question involved in this proceeding is whether or not two contracts relating to the sale of land are subject to taxation. The officers of Edwards county assessed them for that purpose, and in this action J. F. Harris, the vendor, sought to enjoin the collection of the taxes. One of the contracts stipulated for a sale of two hundred and forty acres of land for the price of $6600, $650 of which was paid shortly after the sale, when possession of the land was given, and the remainder was to be paid in installments and to draw interest at six per cent per annum, and provisions were made for taking care of an existing mortgage upon the land. It was agreed that one-half of the crops grown on the land by the purchaser should be paid to the seller and credited by him on the purchase price, and also that the purchaser should plant one hundred and thirty acres of the land in wheat each year. It was further stipulated that the purchaser should pay the taxes on the land. There was a further provision that upon full payment of the price of the land and the accrued interest the seller would execute to the purchaser a formal conveyance of the land, but that if the purchaser should fail in the performance of his part of the contract the payments which had been made by him should be considered as rent for the land during his occupancy of it and that the seller would then have the right to regain the possession of the same. The other contract evidenced a sale of four hundred acres of land at the price of $20,000, the purchaser making the first payment of $2500 by the transfer of another tract of land which he owned to the seller, and the unpaid part of the purchase money, $17,500, was to draw interest at the rate of seven per cent per annum. It was stipulated that crops of certain kinds

should be grown on the land and one-half of the crops so grown should be applied as payments on the unpaid purchase price of the land, and also that the purchaser should have the privilege of making a payment of $100 or more at any time he might choose. The taxes on the land were to be paid by the purchaser, and it was further agreed that if he failed to perform his part of the contract the payments already made by him, whether in money or crops, should be treated as rent for the use of the land during his occupancy of it.

Under these agreements mutual obligations are assumed between the seller and purchaser. The seller conveys an interest in the land and the purchaser, who obtains an equitable title to it, binds himself absolutely to pay the unpaid portion of the purchase price. When the purchaser has performed his part of the agreement he becomes entitled to and can compel the execution of a formal conveyance of the land, and the seller has an enforceable obligation for a definite amount and retains the legal title to the land as a security for the payment of the obligation.

Under prior decisions these contracts have the elements which render them subject to taxation in the hands of the seller. The provisions for cropping the land and applying a portion of the crop towards the payment of the purchase price does not change the character of the indebtedness held by the seller. The crop provisions are substantially similar to those contained in the contracts in *Motzner v. Bogan,* ante, p. 496, 131 Pac. 1193, and it was there held that the agreement to apply a portion of the crops or the proceeds of them was only an alternative means of payment and an additional security of the indebtedness owed by the purchaser to the seller. The failure of the purchaser to comply with the crop requirements would not, it was held, impair the obligation to pay the purchase price, and neither does the option reserved to the seller to declare a forfeiture for nonperformance

of the conditions take away the enforceable quality of the contract. In that case it was said:

"The vendees can not by default in cultivation and the application of proceeds or in making payment otherwise, terminate the contract, and relieve themselves from performance. The contracts would be still enforceable against the vendees as well as against the land. If enforceable against either the contracts are taxable." (Ante, p. 500.)

(See, also, *Williams v. Osage County*, 84 Kan. 508, 114 Pac. 858; *McGregor v. Ireland*, 86 Kan. 426, 121 Pac. 358.)

The judgment of the district court will be affirmed.