No. 18,687.

L. A. GOLDEN, *Appellant,* v. F. S. MUNSINGER, as County Treasurer, etc., et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. TAXATION.—*Sale of Real Estate—Bond for a Deed—Bond Taxable to Vendor.* A bond for a deed calling for a conveyance after certain payments are made, for possession by the prospective grantee and the payment by him of taxes and insurance, on which bond certain payments have been made, is subject to taxation to the maker, notwithstanding it was not signed by the party to whom it runs, and he can quit paying and surrender possession at any time without being obligated in any sum to the maker.

2. SAME—*Contract for Sale of Land—Taxable to Vendor.* A contract for the sale of land upon the completion of specified payments and interest agreed to be made, together with the payment of taxes and insurance, to the purchaser, who is to have possession, to be surrendered on default, but such payments being optional with such purchaser, is subject to taxation in the hands of the maker.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed March 7, 1914. Affirmed.

*F. W. Mahin, I. M. Mahin,* both of Smith Center, and *W. E. Mahin,* of Osborne, for the appellant.

*L. C. Uhl, jr.,* county attorney, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to enjoin the collection of a tax on three land contracts. The first was a bond for a deed which recited that the plaintiff and wife were held and firmly bound to one J. H. Duston in the sum of $54,000; that the parties of the first part had agreed to convey to Duston certain described lands for $25,000 to be paid, $1200 cash in hand, $3000 on furnishing abstract showing perfect title, $2000 March 1 of each year from 1911 to 1915, inclusive, and $11,000 on or before March 1, 1919, all deferred payments to draw

six per cent interest payable March 1 of each year. On payment of $14,200 with accrued interest to the date of such payment a deed was to be given and a mortgage to be taken back for the balance still unpaid, to run five years and bear six per cent interest. Duston was to have possession on payment of the $3000 and to pay the taxes on the land from that date. It was stipulated at the trial that this was the only writing affecting the land or the payment therefor, and that it was understood and agreed that the plaintiff "was to have no enforceable right or claim under the terms of the verbal agreement, or the bond for deed against the said J. H. Duston for any balance that might be unpaid by the said J. H. Duston"; that Duston "might at any time refuse to carry out the terms of the contract and make no further payment and forfeit the payments already made, in which case he was not to be held liable for any future payments," and that he had made all payments that fell due under the bond prior to bringing the action, and had paid all the taxes on the land. Neither Duston nor his wife signed the instrument. The second was termed a conditional agreement, by which Golden agreed to sell to one Strickland eighty acres of land for $2000, which Strickland agreed to pay, $500 cash and $150 with certain interest on September 1 of each year from 1910 to 1919, inclusive, with privilege of paying all unpaid principal at any interest date, all deferred payments to draw six per cent interest per annum until paid, payable annually. Strickland was to pay all the taxes and keep the improvements insured for the benefit of Golden. Payment of deferred payments, taxes and insurance was to be optional with Strickland, he to "be under no legal obligation to pay the same." But if not paid promptly, then all deferred payments and interest to become at once due and payable, and if not paid on demand of Golden the premises were to be surrendered to him, time being of the essence of the contract. If all the payments were made a war-

ranty deed was to be delivered, but no title was to pass until all the conditions were fully complied with. The third was practically identical in character with the second. The three contracts were dated February 21, 1910, September 1, 1909, and February 22, 1907, respectively. The court deemed them all taxable and denied the injunction, from which ruling the plaintiff appeals.

The plaintiff argues that these instruments evidence mere options; that as he can not enforce them they do not show an indebtedness and therefore are not taxable. True, it was stipulated that he was to have no enforceable right against Duston "for any balance that might be unpaid" by him, but this does not show that he had no enforceable rights of any kind by virtue of the bond. Suppose Duston should stop paying and refuse to vacate, then Golden could put him off and keep all that had been paid, while until the payments ceased he would have an arrangement by which the taxes would be paid, more principal and interest would be coming due, and insurance would be maintained for his benefit. The situation is so nearly identical with that presented in *McGregor v. Ireland,* 86 Kan. 426, 121 Pac. 358, that much of the language there used would be applicable here. While the plaintiff may possess no right to proceed against Duston for a debt, he has the right to receive the payments of principal and interest, and the benefit of the payment of the taxes and insurance, and as he retains the title to the land until sufficient payments shall have been made to require a deed and a mortgage back, each payment increases the security and lessens the likelihood of Duston's abandoning the contract and the land. In short, the plaintiff, by virtue of the bond, owns the right to receive all future payments, the right to retain those already made, and the right to dispossess Duston upon default. What such a contract may at any given time be worth must depend on many things which the taxing officers should consider, but

that it has a value and is taxable personal property can not be denied.    (Gen. Stat. 1909, §§ 9214, 9215; *Williams v. Osage County,* 84 Kan. 508, 114 Pac. 585; *McGregor v. Ireland,* 86 Kan. 426, 121 Pac. 358; *Motzner v. Bogan,* 89 Kan. 496, 131 Pac. 1193; *Harris v. Edwards County,* 89 Kan. 661, 132 Pac. 206.)

The other contracts are even more clearly taxable than the one already discussed.

The judgment is therefore affirmed.