No. 19,002.

ERNEST F. BOGER, *Appellee,* v. RICHARD ROHRER, as County Clerk and County Assessor, etc., et al., *Appellants.*

SYLLABUS BY THE COURT.

TAXATION—*Conditional Contract of Sale of Real Estate—Injunction.* On February 21, 1913, the owner of a tract of land executed a contract which gave to the other party the right, under certain conditions, to acquire title to it by paying $23,500, in addition to $1000 which was paid at the time. The contract was assessed at $23,500 as the personal property of the proposed vendor, who procured an injunction against the collection of the tax. Under the contract the plaintiff was to retain possession of the land and pay taxes on it until March 1, 1914. At that time the proposed purchaser could, upon the payment of $500, take possession, to be retained so long as he should comply with the conditions stated, looking to the ultimate payment of the full amount named. *Held,* that the injunction was rightly granted.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed October 10, 1914. Affirmed.

*William W. Pease,* of Junction City, for the appellants.

*James V. Humphrey,* of Junction City, for the appellee.

The opinion of the court was delivered by

MASON, J.: On February 21, 1913, Ernest F. Boger, the owner of a tract of land, executed a contract giving to Jacob W. Dundon the right, under certain conditions, to acquire title to it by the payment of $23,500, in addition to the sum of $1000, which he paid at the time. The taxing officers undertook to include the contract in the taxable property of Boger for the year 1913, assessing it at $23,500. Boger obtained an injunction against the collection of the tax, and the officers appeal.

Oral testimony was introduced by the defendants for the purpose of showing that the contract was really one for the sale of the land. This evidence, however, tended to indicate what the witnesses regarded as the legal force of the writing which was executed, rather than to show that the real purpose of the parties was not fully expressed. Especially in view of the decision reached by the trial court, the written contract must be treated as defining with exactness the rights of the signers. The precise question to be determined is whether it created a right in Boger upon which he was required to pay taxes for the year 1913. Under the contract no change of possession was to take place prior to March 1, 1914, and up to that time Boger was to pay the taxes on the land. Then, if Dundon saw fit to do so, he could, by paying $500, obtain possession, which he could hold for ten years by paying the taxes and by making semiannual payments equal to five and one-half per cent interest on $23,000, having the right to make part payments on that sum from time to time, and being entitled to a deed whenever he should have paid as much as $8000, giving a mortgage for the remainder. Dundon did not agree to make any payment whatever beyond the first $1000. The contract recited that time was of its essence, and that unless payments were made at the precise time specified Boger might resume possession and retain as rent whatever he had already received.

Boger v. Rohrer.

A contract for the sale of land is not rendered non-taxable by the fact that the purchaser does not bind himself personally to complete the payments and take the property. *Golden v. Munsinger*, 91 Kan. 820, 139 Pac. 379, and cases there cited.) But the present contract differs materially from any of those in which that rule has been applied. The situation created by its execution was this: Dundon had given Boger one thousand dollars for an option to be exercised on March 1, 1914, to take possession of the land, if he so desired, with a view to its ultimate purchase upon the terms stated. Prior to that time Boger owned, occupied and used the land and paid the taxes. In these circumstances we think the trial court correctly held the contract not to be taxable in 1913. If at the time it was executed Dundon had paid an amount large enough practically to insure his purchase of the land an entirely different question would be presented. In that case it might possibly be said that the transaction amounted to a sale with a part payment on the purchase price, for its character would be determined by its essential nature rather than by the name given it by the parties. But a thousand dollars was not an unreasonable amount to pay for a mere option of a year's duration to take the property at $23,500. The contract was assessed at $23,500, obviously upon the theory that the transaction was in effect a sale for $1000 in cash and deferred payments of that amount. For the reasons stated we think that theory not tenable.

The question whether Boger is required to pay taxes upon the contract for the year 1914, in case Dundon has paid the $500 and taken possession of the property, is not involved and can not be decided. The judgment appealed from was rendered on June 2, 1913. The journal entry includes a recital that the contract is held not to be taxable, but this must be interpreted as relating only to the conditions then existing.

The judgment is affirmed.