## BIRNEY, APPELLANT, *v.* WARREN, RESPONDENT.

(No. 1,502.)

(Submitted March 21, 1903. Decided April 27, 1903.)

*Taxation — Personal Property — Assessment — Misnomer— Effect on Sale—Caveat Emptor—Statement of Facts—Conclusion of Law—Contradiction—Effect.*

1.  Political Code, Sections 3700, 3707, which provide that personal property must be assessed to the person by whom it is owned or claimed, and that if the name of an absent owner is unknown it must be assessed to "unknown owners," are mandatory, and a misnomer of the owner of personal property assessed as the property of a particular person vitiates the assessment and renders a sale thereunder void; Section 3916, which provides that, when land is sold for taxes correctly imposed as the property of a particular person, no misnomer of the owner, or supposed owner, shall affect the sale, not applying to personal property.
2.  The rule of *caveat emptor* applies to sales of property for delinquent taxes.
3.  Under Code of Civil Procedure, Section 1117, which provides that an agreed statement of facts has the effect of special findings, a conclusion of law contradictory of the agreed statement is sufficient to vitiate the judgment.

*Appeal from District Court, Broadwater County; F. K. Armstrong, Judge.*

INJUNCTION by Charles A. Birney against John J. Warren. From a judgment for defendant, plaintiff appeals. Reversed.

### STATEMENT OF THE CASE.

The action was commenced by the plaintiff, Birney, to secure an injunction restraining the defendant, Warren, from removing certain hoisting and other mining machinery and

certain frame buildings from unpatented mining claims situate
in Jefferson (now Broadwater) county, Montana. The plain-
tiff in his complaint claims that he was at the date of the com-
mencement of the action, April 26, 1897, the owner, in posses-
sion and entitled to the possession, of the above-mentioned prop-
erty, and that the defendant threatens to and will, unless re-
strained by the court, remove the same and carry it away. The
defendant answered, setting up his claim to the property by vir-
tue of a bill of sale which he had received from the county
treasurer upon a pretended sale of the property for delinquent
taxes for the year 1896. The parties then agreed upon a state-
ment of the facts, upon which the cause was tried, it being con-
ceded and certified in the bill of exceptions that the agreed
statement contains all the facts. The facts agreed upon, so far
as they are material to a decision of this case, are: That the
county assessor assessed the property above mentioned for the
year 1896 as personal property, having a value of $1,500 inde-
pendent of the mining claims upon which it was located and to
which it was appurtenant; that he assessed it in the name of
the Queen Bee Mining Company; that no objection was made
to the board of equalization of the assessment of the property;
that the tax levied upon the property was not paid; that the
treasurer sold the same in the manner provided by law for the
sale of personal property for delinquent taxes; that the defend-
ant, Warren, became the purchaser at such sale, and received
a bill of sale from the treasurer for the property; that, as a
matter of fact, no such corporation or concern as the Queen Bee
Mining Company was in existence until after the date of the
sale of the property; that the plaintiff, Birney, and one Mc-
Pherson purchased the property in January, 1896; and that they
were both nonresidents unknown to the assessor. The agreed
statement then contains this paragraph: "That on the 13th day
of July, 1896, Charles A. Birney, the plaintiff herein, suc-
ceeded to all the rights of the said McPherson, and was then
the owner of the property mentioned in the complaint herein,
and was the owner of said property at the time of the sale for

taxes mentioned in defendant's amended answer, and was the owner of the same at the time of the commencement of this action."

Upon the trial the court made the following conclusions of law: "(1) That the taxes assessed and levied upon the property in controversy in this action for the year 1896 by the assessor of Jefferson county, Montana, were assessed and levied according to law. (2) That the tax sale of said property to defendant by the treasurer of said Jefferson county, had on the 27th day of February, 1897, was made according to law. (3) That by said sale the ownership and right of possession to said property, and the whole thereof, passed to John J. Warren, the purchaser at said sale, and the defendant herein. (4) That said John J. Warren is now, and has been ever since said 27th day of February, 1897, the owner and entitled to the possession of all of said property." Judgment for costs in favor of the defendant was entered thereon, from which this appeal is taken.

*Messrs. Toole & Bach,* for Appellant.

*Mr. E. H. Goodman,* for Respondent.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

The first conclusion of law made by the court is, in our judgment, erroneous. Under Section 3672 of the Political Code, all machinery used in mining, and all property and surface improvements upon or appurtenant to mines and mining claims, which have a value separate and independent of such mines or mining claims, shall be taxed as other personal property, and, as the property in controversy comes within the purview of this section, it was properly assessed as personal property. Section 3700 of the same Code provides that the assessor must ascertain the names of all taxable inhabitants and all property in his county subject to taxation, and must assess such property to the persons by whom it was owned or claimed, or in whose posses-

sion or control it was, at 12 o'clock m., on the first Monday of March next preceding. Section 3706 of the same Code provides that, if the owner or claimant of any property is absent or unknown, the assessor must make an estimate of the value of the property; and Section 3707 provides that, if the name of the absent owner is known to the assessor, the property must be assessed in his name; if unknown, it must be assessed to "unknown owners." The record discloses the fact that the property in question was assessed to the Queen Bee Mining Company. The corporation bearing that name had no existence whatever until after the sale of the property. The record further shows that the property was owned by this plaintiff and McPherson, both of whom were nonresidents unknown to the assessor. There is no showing in the record that any one had actual possession of the property on the first Monday of March, 1896, or that any one other than Birney and McPherson had constructive possession of it. The assessor, then, did not assess the property to the persons by whom it was owned on the first Monday of March of that year. He did, however, following the requirements of Section 3706, make an estimate of the value of the property, and then, notwithstanding Section 3707 required in this case that the property should be assessed to "unknown owners," he assessed it to the Queen Bee Mining Company, to whom he supposed the property belonged. The query then is, what is the effect of a mistake in the name of the owner of personal property upon the assessment so made? Section 3916 of the same Code provides: "When land is sold for taxes correctly imposed as the property of a particular person, no misnomer of the owner, or supposed owner, or other mistake relating to the ownership thereof, affects the sale, or renders it void or voidable." Applying to this section the rule of interpretation, "*Expressio unius est exclusio alterius*," the conclusion necessarily follows that, when personal property is sold for taxes imposed as the property of a particular person, a misnomer or mistake relating to the ownership thereof does vitiate the assessment, and renders the sale void; in other words, the provisions

of Sections 3700 and 3707 are mandatory, and, with the quali-
fications therein mentioned, require the assessor to assess per-
sonal property in the name of the real owner, if known; if not
known, then to "unknown owners." (*People* v. *Whipple,* 47
Cal. 591; *Dowell* v. *City of Portland,* 13 Oregon, 248, 10 Pac.
308.) In *Crawford* v. *Schmidt,* 47 Cal. 617, in construing Sec-
tion 13 of the Revenue Act of California of 1861, which pro-
vides that the assessor shall list and assess property to the per-
son owning, claiming, or having possession or control of the
same, and, if the name of such an absent owner is known to the
assessor, the property shall be assessed in his name, and, if un-
known to the assessor, the property shall be assessed to "un-
known owners," the court makes this comment: "The statute
is imperative that the property must be assessed to the owner,
if known, and, if not, to unknown owners. In this case the
assessment was not, and does not purport to have been, made to
unknown owners. It cannot, therefore, be assumed that the
name of the owner was unknown to the assessor. But instead
of assessing the property to Caroline Schmidt, who was the
owner, he assessed it to ——— Schmidt, a designation which
would have applied as well to any other Schmidt, whether male
or female, as to the real owner. We think this was not a com-
pliance with the statute, and that the assessment and sale were
void." In *Lake County* v. *Sulphur Bank Q. M. Co.,* 66 Cal.
17, 4 Pac. 876, the court, in construing Section 3628 and sub-
sequent sections of the Political Code of California, held that a
mistake in the name of the owner of real property does not in-
validate the tax, but that an assessment of personal property to
a named person other than the owner is absolutely void.

Neither is the defendant in this case in a position to com-
plain of the harshness of this rule. The assessment and sale of
property for delinquent taxes is a proceeding *in invitum;* the
purchaser at such a sale buys at his peril, and the rule of *caveat
emptor* applies. (*Lake County* v. *Sulphur Bank Q. M. Co.,*
above; *Hecht* v. *Boughton,* 2 Wyo. 385.)

In conclusion we may say that the fourth conclusion of the

court, "that said John J. Warren is now, and has been ever since said 27th day of February, 1897, the owner and entitled to the possession of all of said property," is directly in conflict with and contradictory of the statement contained in paragraph 12 of the agreed statement of facts quoted above, which is that Birney was the owner of the property at the time of the commencemnt of this action (April 26, 1897). Section 1117 of the Code of Civil Procedure provides that the agreed statement of facts has the effect of special findings of fact, and we are of the opinion that a conclusion of law directly contradictory of a finding of fact would in itself suffice to vitiate a judgment entered thereon.

For the reasons herein set forth, the judgment appealed from is reversed, and the cause remanded for further proceedings not in conflict with the views herein expressed.

*Reversed and remanded.*