DELL LINDEN v. J. F. McCORMICK and Others.[1]

October 23, 1903.

Nos. 13,726—(42).

**Game—Recovery from Warden.**

A person who, in good faith, has purchased deer and moose skins for the purpose of tanning the same, acquires a valid title thereto; and in an action to recover the hides, or their value, from the game warden, who took possession thereof, the owner is not required to prove that the animals from which such skins were taken were lawfully killed.

Action in the district court for Itasca county to recover possession of certain tanned deer and moose hides or $502, the value thereof, in

[1] Reported in 96 N. W. 785.

case recovery could not be had. The case was tried before McClenahan, J., and a jury, which rendered a verdict in favor of plaintiff for $325. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Frank C. Hale,* for appellants.

According to the laws of this state and the decisions of this court, all game and fish is at all times the property of the state and no person shall acquire any right or interest therein, provided, however, that the individual may acquire the right to the use and possession of the same by complying with all of the requirements of the law in regard to the time and manner of catching, taking or killing the same; but should any person catch, take or kill any of the birds, animals or fish of this state in any other manner than by law allowed, then such person shall forfeit all right to the use and possession of the same and the state may reclaim its property wherever it may find it. Laws 1897, c. 221, § 4, subd. 10, §§ 9, 36; State v. Rodman, 58 Minn. 393; Thomas v. Northern Pac. Exp. Co., 73 Minn. 185.

*White & Price,* for respondent.

The hides in question were at all times absolutely and unqualifiedly the property of the state of Minnesota and the right to the possession of them by the plaintiff can only be justified and established by an affirmative showing on his part that the animals from which the hides in question were taken, were killed in a lawful manner. Laws 1897, c. 221, § 16; Laws 1901, c. 342; Laws 1901, c. 229; Laws 1897, c. 221, § 19.

LEWIS, J.

At Grave Lake, Itasca county, respondent was in the business of tanning skins, and on January 27, 1902, had in his possession about sixty two tanned deer and ten tanned moose skins. On that day appellants took possession of them, as agents of the board of game and fish commissioners of the state. This action was brought to recover their value, and appellants justify their seizure upon the ground that the property belonged to the state, and was authorized by the game law. At the close of the testimony the court directed the jury to return a verdict for respondent for the amount of the value of the property.

Section 9, c. 221, Laws 1897 (p. 409), provides that all wild game shall under all circumstances, except as otherwise prescribed, be and remain the property of the state; and section 33 declares that possession of any game, the killing of which is prohibited by law, shall be prima facie evidence that it is the property of the state at the time it was taken or killed, and that it was taken or killed within the state, and that the burden of proof is upon the party in possession to show that such game was killed or taken as provided by law. In State v. Rodman, 58 Minn, 393, 59 N. W. 1098, the court, having under consideration that provision of the game law prohibiting the possession of certain game for more than five days after the commencement of the closed season, held that such regulation was within the police power of the state to preserve wild game from extermination, and that the act in question was constitutional. In Thomas v. Northern Pacific Exp. Co., 73 Minn. 185, 75 N. W. 1120, it was held that the title to wild game caught or killed in a manner prohibited by the statute remains the property of the state, and may be reclaimed by the state, and that no person can acquire title to wild game except by catching or killing it at the time and in the manner authorized.

In the present case, according to the undisputed testimony, Linden came into possession of the skins in their green or dry state by purchase, mostly from Indians, and partly from settlers in the county, and had been in possession of them for about a year. He had killed none of the game from which the hides were taken, and had no knowledge that any were killed in any other manner than as provided by law. His business consisted in tanning skins, selling the product, and in making moccasins and other articles for sale. The state insists that the burden of proof is upon respondent to show that the animals from which the hides were taken were caught or killed in the manner provided by law. To justify the contention it would be necessary to hold that no person can at any time acquire title to skins of wild animals in their green or dried state without assuming the responsibility of proving that such animals were lawfully taken or killed. The law authorizes the killing of moose and deer within a certain period during November of each year. There is no restriction upon the disposition of the skins by those entitled to kill such animals. So far as the record shows, the animals in question may have been killed during the lawful season, and in a lawful manner.

Under such circumstances the presumption is that they came lawfully, rather than unlawfully, into respondent's possession.

It is unnecessary to go any further in this case than to decide that the burden of proof is not upon respondent to show that the animals were lawfully taken, and we do not wish to be understood as holding that a person may not purchase and in good faith acquire skins of wild animals, although they may in fact have been killed contrary to law. The object of the statute, as stated in State v. Rodman, supra, is to prevent the extermination of such game, and to that end, as a police regulation, reasonable restrictions and safeguards may be provided; but there is a limit to the state's power in tracing the product of animals illegally killed, and subjecting those who in good faith come into possession thereof to the results attending confiscation.

Order affirmed.