## CLIFTON A. ALLBRIGHT v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

November 3, 1905.

Nos. 14,464—(88).

**Title to Deer Skins.**

On the authority of Linden v. McCormick, 90 Minn. 337, *held*, that a person who in good faith lawfully purchases deer and moose skins, taken from animals lawfully killed, for the purpose of tanning the same and using them in manufacturing, acquires a valid title thereto.

**Sending out of State.**

Deer and moose skins, purchased in good faith from persons who have taken them from animals legally killed during the open season, may lawfully be shipped out of the state for the purpose of being tanned and returned to the shipper for use in manufacturing gloves and mittens.

Action in the district court for Crow Wing county by plaintiff as executor of the will of Loren E. Warren, deceased, to recover $350 for

[1] Reported in 104 N. W. 827.

the conversion of certain deer and moose hides. The case was tried before McClenahan, J., who directed a verdict in favor of plaintiff for $197.12. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Douglas & Griggs,* for appellant.

*Clifton A. Allbright,* for respondent.

ELLIOTT, J.

The plaintiff recovered a verdict against the defendant in an action brought for the value of certain deer and moose hides. From an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial, the defendant appealed.

On April 11, 1900, the plaintiff's intestate, Loren E. Warren, delivered to the defendant railway company at Brainerd, Minnesota, three rolls or bundles of deer skins and moose hides, containing seventy hides, all of the value of $197.12, to be by defendant carried to Johnstown, in the state of New York, for the purpose of being tanned, and then returned to Warren at Brainerd. The hides and skins in question had been taken from animals legally killed by other parties within the state during the open season, and had been purchased by Warren in good faith for a valuable consideration. Warren was at the time engaged in the manufacture of gloves and mittens, and used hides and skins of this kind in his business. The hides were taken from the possession of the defendant by the board of game and fish commission under the claim that they were the property of the state, were contraband in the hands of Warren, and were being shipped out of the state in violation of chapter 221, p. 409, Laws 1897, and the acts amendatory thereto.

There seems to be no controversy about the facts, although it is claimed in plaintiff's brief that the evidence tending to show the purpose for which the hides were being shipped out of the state was stricken from the record. The record shows, however, that all of the evidence of this character was not stricken out, and sufficient remains to sustain the plaintiff's contention in this respect. On these facts the question is whether, under the act of 1897, a person during the closed season can legally acquire title to deer skins and moose hides, taken from animals lawfully killed during the open season by other persons, and ship them out of the state, to be tanned and returned to him for use in

manufacturing. We do not think it necessary to review the authorities and statutes of this state, as it is very clear that the trial court was right in holding that the case is controlled by Linden v. McCormick, 90 Minn. 337, 96 N. W. 785.

The order appealed from is therefore affirmed.