# HENRY G. HANSON v. THOMAS J. STOREY and Another.[1]

### June 2, 1911.

### Nos. 17,014—(120).

**Possession of head of moose lawful.**

> *Held,* following Linden v. McCormick, 90 Minn. 337, that possession of an untagged head of a moose, which was lawfully killed, is lawful.

Action in the municipal court of Duluth against Thomas J. Storey and John Green, to recover possession of a moose head, or $300 in lieu thereof, and $25 for its detention. The case was tried

[1]Reported in 131 N. W. 481.

---

[Note] As to prohibition of possession of game, see note in 3 L.R.A. (N.S.) 163.

before Windom, J., who directed a verdict in favor of defendants. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed to the district court for St. Louis county, where the order, Ensign, Cant, Dibell and Hughes, JJ., was reversed and a new trial granted. From this order defendants appealed. Affirmed.

*Charles E. Adams,* for appellants.

*Austin Lathers,* for respondent.

START, C. J.

This action to recover possession of a moose head or its value originated in the municipal court of the city of Duluth. At the close of the evidence the municipal judge directed a verdict for the defendants. Plaintiff appealed to the district court of the county of St. Louis from an order denying his motion for a new trial. The order was reversed in the district court, and a new trial granted. The defendants appealed to this court from the order granting a new trial.

The evidence is sufficient to sustain a finding of the facts following: The plaintiff lawfully killed a moose in the hunting season of 1908, and during the open season he skinned the neck and severed the head of the moose. The carcass of the moose remained in his possession for more than five days after the close of the hunting season. Neither the moose, nor any part thereof, was at any time tagged, nor was any permit ever obtained in lieu of a tag. The plaintiff left the moose head with his uncle until January 1, 1909, when he directed him to deliver it to the defendant Storey, a taxidermist, to be mounted. It was so delivered, and a few days thereafter it was seized and tagged as the property of the state by the defendant Green, a deputy game warden, who directed Storey to hold the head until further orders from him.

The statute applicable to this case is chapter 344, p. 598, Laws 1905 (R. L. Supp. 1909, §§ 2249—1 to 2249—94). The appellants concede that a moose hide, whether fresh or dry, taken from a moose lawfully killed, may be had in possession, under the statute, without the tag or permit of the game and fish commission, but claim that so to have in possession the head of the moose is a violation

of the statute. It is suggested in this connection that the commercial value of the head of a moose with the horns intact is so much greater than the hide as to furnish an inducement for the unlawful killing of moose, and therefore the possession of an untagged head of a moose lawfully killed should be held to be within the prohibition of the statute.

The suggestion, as to the commercial value of moose heads, if correct, and we are inclined to believe that it is, would seem to afford a reason why the statute should have prohibited in clear terms the possession of untagged moose heads lawfully killed. However this may be, the question here is whether the statute applicable to this case can fairly be construed so as to include such prohibition. If it cannot be, the omission must be supplied by the legislature, and not by the court.

Section 37 of the statute (R. L. Supp. 1909, § 2249—40) provides for tagging game birds and animals, or any part thereof, which have been lawfully killed, and that while the tags remain upon such birds and animals, and parts thereof, they (the game) may be kept in possession until consumed. It would seem that the words "parts thereof" referred to such parts of game birds and animals as are suitable for human food and may be consumed as such. Section 31½ (R. L. Supp. 1909, § 2249—34) provides that raw hides of moose killed within this state out of season shall not be bought or sold at any time. This implies that hides of moose lawfully killed may be sold. It was held in Linden v. McCormick, 90 Minn. 337, 96 N. W. 785, that title to hides of deer and moose lawfully killed might be acquired by a purchaser, and that he was not required to prove that the animals, from which the hides were taken, were lawfully killed. The case of Allbright v. Northern Pacific Ry. Co. 96 Minn. 135, 104 N. W. 827, is to the same effect. It is true that the cases cited were based upon Laws 1897, p. 409, c. 221; but the provisions of the two statutes, so far as here material, are substantially alike. We hold, following the cases cited, that the possession of an untagged head of a moose, which was lawfully killed, is lawful.

Order affirmed.