[*Civil No. 1321.* Filed April 18, 1914.]

[140 Pac. 62.]

## COCHISE COUNTY, Plaintiff in Error, v. PEDRO MICHELENA, Defendant in Error.

COURTS — INTERPRETERS — FEES — COUNTY'S LIABILITY.—Civil Code of 1901, paragraph 2505, authorizes the appointment of interpreters, who .may be summoned in the same manner as witnesses, and Laws of 1903, No. 91, section 1, declares that supervisors may pay interpreters' fees to persons who shall act as such in the prosecution or defense of criminal cases. *Held,* that an interpreter cannot maintain an action against a county for fees, unless the services were rendered in the prosecution or defense of a criminal case or in a civil case in which the county was a party, so that a complaint for such fees against a county, which was silent as to the character of the cases in which plaintiff served, did not state a cause of action.

[As to method of examining witness through interpreter, see note in Ann. Cas. 1912B, 726.]

WRIT OF ERROR from the Superior Court of the County of Pima. W. F. Cooper, Judge. Reversed.

The facts are stated in the opinion.

Mr. W. G. Gilmore, County Attorney, and Mr. Alexander Murry, Assistant County Attorney, for Plaintiff in Error.

Mr. Charles Blenman, for Defendant in Error.

KROOK, J.—Action by Pedro Michelena, defendant in error, plaintiff below, against Cochise county, plaintiff in error, defendant below, to recover compensation for services and expenses rendered and incurred as Spanish interpreter in the district court of the second judicial district of the territory of Arizona in and for Cochise county. It is alleged in the complaint that said Pedro Michelena was subpoenaed to appear before said district court in said county on the twenty-fourth day of April, 1911, and sets forth the issuance of this subpoena, his attendance in obedience thereto, and that said services were reasonably worth the sum of $5 per day; that the itemized claims therefor were presented to,

and the payment thereof recommended by, the presiding judge, and were thereupon presented to, and filed with, the board of supervisors of Cochise county, according to law, and by said board disallowed; and that less than six months have elapsed since said claims were so rejected by said board. Neither the complaint nor any of said claims (copies of which are attached to said complaint as exhibits) state whether the services rendered were rendered in civil or criminal cases, or in civil cases in which the county was interested. Defendant below filed a general demurrer, which was overruled by the trial court, and judgment rendered for the plaintiff below in the amount claimed in his complaint, and for costs. Defendant below brings error.

The contention of plaintiff in error is that, in the absence of an express averment that the services were rendered in criminal cases, or in civil cases in which the county was interested, the complaint fails to state a cause of action.

The defendant in error, on the other hand, claims that the complaint contains the usual counts for services rendered, and that, from the facts stated, it must be presumed that the same were rendered in the prosecution or defense of criminal cases.

Two questions arise, namely: (1) In what cases is a county liable for interpreter's fees? (2) Was the demurrer properly overruled?

It is apparent, from an examination of our statutes relating to court interpreters, that a county cannot be held to answer for fees claimed by an interpreter while acting as such in civil cases in which the county is not interested. In paragraph 2505, Revised Statutes of Arizona of 1901, it is provided that: "The court may when necessary appoint interpreters, who may be summoned in the same manner as witnesses, and shall be subject to the same penalties for disobedience." And in section 1, No. 91, Laws of 1903, that: "The board of supervisors of the various counties in this territory are hereby authorized to audit and pay interpreters' fees to persons who shall act as such in the prosecution or defense of criminal cases in the various courts of the territory. However, such compensation shall not exceed for interpreters in the justice courts the sum of two dollars and fifty cents per day, and the district courts, not exceeding the sum of five dollars per day."

Therefore a person cannot maintain an action against the county for interpreter's fees, unless they are for services rendered in the prosecution or defense of criminal cases, or in civil cases in which the county is a party.

The complaint is wholly silent as to the character of the cases in which the plaintiff is alleged to have served as interpreter, nor can it be inferred from any statement contained therein. As the right to recovery in this action depends upon whether the services were performed under the specified conditions of the statute, the complaint should state facts sufficient to bring the case within said provisions, and a failure to do so renders it fatally defective. *Malone* v. *Escambia County,* 116 Ala. 214, 22 South. 503; *Tweedy* v. *Fremont County,* 99 Iowa, 721, 68 N. W. 921; *Pitkin County* v. *First Nat. Bank,* 6 Colo. App. 423, 40 Pac. 894; *Sherwood* v. *Stephens,* 13 Idaho, 399, 90 Pac. 345, 347.

The demurrer, therefore, should have been sustained.

Judgment reversed, with leave to defendant in error to amend his complaint, if he be so advised.

FRANKLIN, C. J., and ROSS, J., concur.

N. B.—CUNNINGHAM, J., being disqualified, and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. CARL G. KROOK, Judge of the superior court of the state of Arizona, in and for the county of Mohave, to sit with them in the hearing of this cause.