EDWARD O. SHIPMAN, Plaintiff and Respondent, *v.* I. L. TODD, Defendant and Appellant.

No. 9363.

Submitted February 27, 1957.   Decided May 1, 1957.

310 Pac. (2d) 300.

Mr. Seth F. Bohart, Bozeman, Mr. Robert J. Webb, Virginia City, for appellant.

Mr. Chester Lloyd Jones, Virginia City, for respondent.

Mr. Bohart argued orally.

MR. JUSTICE ANGSTMAN:

This is an action for damages against a deputy game warden

for the confiscation of a deer carcass that was in plaintiff's possession without having the proper tag attached as provided by law. On appeal from justice court the cause was submitted to the district court upon an agreed statement of facts. The court rendered judgment in favor of plaintiff, from which judgment the defendant has appealed.

The agreed statement of facts, in brief, shows that the defendant was a deputy game warden on November 2, 1952; that plaintiff on that day held a big game license, killed a buck deer near Ennis in an area that had been designated as open to the killing of buck deer; that plaintiff took possession of the carcass of the deer immediately after the killing and transported it to Ennis; that he did not at any time fill out the proper tag attached to his hunting license, nor did he attach the tag to the carcass; that plaintiff was arrested by defendant, charged with a misdemeanor, that of failure to attach the license tag to the deer carcass in his possession, to which he entered a plea of guilty and paid the fine imposed by the justice of the peace; that immediately after the plea of guilty had been entered, defendant acting in his capacity as deputy game warden of the State of Montana, confiscated the deer carcass in the name of the State of Montana, and attached thereto the proper confiscation tag furnished him by the Fish and Game Commission for use in confiscating illegal wild game; that defendant maintained possession of the carcass, and refused the demands of plaintiff for the return thereof. The value of the carcass was stipulated to be the sum of $65.

The district court adopted the agreed statement of facts as its findings of fact, and made the following conclusions of law:

"(1) That plaintiff was convicted and fined for the misdemeanor of not filling out and attaching to the carcass of the buck deer involved herein the tag attached to his Class AA hunting license;

"(2) That, however, plaintiff was lawfully entitled to kill and possess the buck deer and did lawfully kill and possess the buck deer, and the same was not possessed in violation of the

law or the orders, rules and regulations of the Fish and Game Commission of the State of Montana, and did not show evidence of illegal taking or to afford reasonable grounds for belief there was illegal taking;

"(3) That defendant, while purporting to act in the capacity of Deputy Game Warden of the State of Montana, went outside the scope of his duty and authority as such officer, or otherwise in seizing and confiscating the carcass of the deer and was not in fact acting as such officer;

"(4) That this suit is against the defendant in his individual capacity and in his individual capacity he is the real party in interest;

"(5) That the act of defendant in seizing and confiscating the deer carcass and his refusal to return the same is wrongful conversion and he is personally liable to plaintiff in damages therefor;

"(6) That the value of the property at the time of wrongful conversion was the sum of Sixty-five Dollars."

Judgment followed accordingly for plaintiff in the sum of $65.

Defendant has appealed from the judgment and questions the correctness of the court's conclusions that plaintiff was legally in possession of the carcass; that defendant went outside the scope of his duty and authority as a deputy game warden in seizing and confiscating the carcass, and that the seizing of the carcass was a wrongful conversion, and in holding defendant personally liable in damages.

Chapter 142, Laws of 1951, which was in effect when the events here involved took place provided:

"To every license * * * which authorizes the licensee to kill * * * deer * * * there shall be attached * * * certain tags, coupons or other markers, * * * and when any person shall take or kill any deer * * * under such license such person shall immediately thereafter detach from his license, and attach in plain sight to the carcass of said animal * * * the proper tag, coupon or other marker * * * which tag,

coupon or other marker shall be kept attached thereto so long as any considerable portion of the carcass remains unconsumed, * * * and when the proper tag, coupon or other marker is attached to the said game so killed, the same may be possessed, used, stored and transported; * * * Whenever any person who shall kill any deer * * * by authority of any license issued for the killing of such game animal, shall fail or neglect to fill out and attach the tag, coupon or other marker so provided with the license issued, to the carcass of said deer * * * said person shall be guilty of a misdemeanor and upon conviction thereof shall be punished as provided for in section 26-324, of the Revised Codes of Montana, 1947.''

R.C.M. 1947, section 26-324, as it existed at the time this misdemeanor was committed, was chapter 224, Laws of 1947, and then provided:

''Any person violating any provision of any statute of the State of Montana pertaining to fish and game including the provisions of sections 3650 to 3778.8 inclusive, R.C.M. 1935, and all acts amendatory thereof or supplemental thereto, shall, unless a different punishment is expressly provided by law for such violation, be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five dollars ($25.00), nor more than five hundred dollars ($500.00), or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment. In addition thereto such person shall in the discretion of the court, forfeit his license to hunt, fish or trap within this state for a period of one (1) year from the date of his conviction.''

It should be noted that this section in prescribing the penalty does not provide for the forfeiture of the carcass. It does provide for the forfeiture of the license to hunt for a period of one year, in the discretion of the court. Had the Legislature intended to forfeit the carcass it could easily have said so.

Penalties are not favored, and penal statutes must be strictly construed and will not be extended by construction. 70 C.J.S. Penalties, section 1, page 390.

However, it is contended that under R.C.M. 1947, section ▮ 26-110, game wardens have authority "to seize and confiscate all game   *   *   *   or any parts thereof, possessed in violation of the law, or the orders, rules and regulations of the commission, or showing evidence of illegal taking   *   *   *   and to hold the same subject to law or the orders of said state fish and game commission  *   *   *." It is also contended that without the carcass being tagged it was possessed in violation of the law.

Section 26-110 has reference only to what the Legislature denounced as unlawful possession under section 26-503, and for which the accused could be prosecuted for unlawful possession. Under section 26-503 only such possession of an animal is unlawful "which shall have been unlawfully killed, captured, or taken."

It is true that chapter 142, Laws of 1951, contains this provision:

"Such tag, coupon or other marker shall be valid only when attached to said license or when such tag, coupon or other marker has been completely filled out and attached to a legally taken game animal and when the proper tag, coupon or other marker is attached to the said game so killed, the same may be possessed, used, stored and transported; provided the necessary permit to transport the same accompanies shipment."

This is not a direct statement that unless the carcass be tagged it is unlawful for the person lawfully killing it to have it in his possession, but if it be unlawfully possessed without the tag it is not such unlawful possession as would sustain a charge of unlawful possession under section 26-503. To justify seizure of the carcass for wrongful possession the crime charged must have been for wrongful possession, under section 26-503, and that can only be charged when the animal "shall have been unlawfully killed, captured, or taken "

Here the deer in question was lawfully killed, and a charge of unlawful possession could not have been sustained.

It is contended that plaintiff may not maintain this action

for damages because of section 26-508 which contains this provision: "No officer shall be liable for any damage on account of any search, examination, seizure, or sale as herein provided."

That provision has reference only to a case wherein the officer has a right to seize the property, and not to a case such as this where there is no statute authorizing seizure of an animal properly killed in open territory and by one with a license.

Defendant contends that plaintiff stipulated himself out of court when he stipulated that defendant in confiscating the carcass was acting in his capacity as deputy game warden. The stipulation means nothing more than that defendant purported to act in his capacity as deputy game warden. If, in fact he went outside the scope of his duty and authority as such officer in seizing and confiscating the carcass of the deer as we have held that he did, the mere fact that he was acting in his official capacity would not exonerate him.

The court properly held for plaintiff. The judgment is affirmed.

MR. JUSTICES BOTTOMLY and ADAIR, concur.

MR. CHIEF JUSTICE HARRISON:

I dissent.

By the agreed statement of facts the plaintiff, at the time of his arrest, was charged with a misdemeanor, that of being in possession of an untagged deer carcass. Under the provisions of chapter 142, Laws of 1951, as epitomized in the majority opinion, for one to legally possess and transport a deer carcass it must be tagged as required by statute. Admittedly the plaintiff never did tag the deer carcass.

The pertinent portion of section 26-110, R.C.M. 1947, as quoted in the majority opinion to my mind authorizes game wardens to confiscate game possessed in violation of law, and in fact said section contains this further provision:

"No deputy or special deputy fish and game warden shall

have authority to compromise or settle out of court, any violations of the state fish and game laws."

By virtue of these provisions of our law it is my belief that a game warden has authority to confiscate game possessed in violation of law. In referring to this section, this court held in Rosenfield v. Jakways, 67 Mont. 558, 564, 216 Pac. 776, 778: "Section 3659 [Rev. Codes 1921, now R.C.M. 1947, section 26-110] makes it the duty of the game warden to seize wild animals or any parts thereof possessed in violation of the laws, or showing evidence of illegal taking, and section 10606 [Rev. Codes of 1921, now R.C.M. 1947, section 93-1301-7] declares the presumption that official duty has been regularly performed."

R.C.M. 1947, section 26-506, provides the manner of sale of confiscated game, and section 26-508 provides for the disposition of the proceeds of any such sale, and further provides: "No officer shall be liable for any damage on account of any search, examination, seizure, or sale as herein provided."

In my opinion, no officer under this section may be held liable for damages by virtue of any seizure made by him in the performance of his duties as a game warden.

The lower court, as a basis for its judgment for the plaintiff herein, concluded that he was lawfully in possession of the deer; that the defendant went outside the scope of his authority as such officer in confiscating the carcass; and that the defendant was acting in his individual capacity.

The agreed statement of facts, prepared under provisions of R.C.M. 1947, section 93-5308, becomes the trial court's findings of fact, and has the effect of a special verdict. In pronouncing judgment the trial court is bound by the stipulation of the parties. McCarthy v. Employers' Fire Ins. Co., 97 Mont. 540, 37 Pac. (2d) 579, 97 A.L.R. 292.

As stated in Warren v. Chouteau County, 82 Mont. 115, 265 Pac. 676, 679: "* * * our office on this appeal goes no further than to ascertain and determine whether the trial court drew the correct inference from the facts stipulated and rendered the proper judgment (Read v. Lewis & Clark County, 55

Mont. 412, 178 Pac. 177). A conclusion of law contradictory of the agreed statement is sufficient to vitiate the judgment. (Birney v. Warren, 28 Mont. 64, 72 Pac. 293).''

The agreed statement being to the effect that the deer was never tagged as required by law by the plaintiff, he was never legally in possession of the carcass. There are no facts in the agreed statement upon which the trial court's conclusion that defendant went outside the scope of his duty and authority as a deputy game warden could be based, since it was agreed that defendant was acting in his capacity as such deputy game warden of the State of Montana.

In my opinion, since the court's conclusions of law are contrary to the agreed facts they should not stand.

I would reverse the judgment and remand the cause to the district court of Madison County with directions to dismiss the action.

MR. JUSTICE CASTLES:

I concur in the above dissenting opinion of Mr. Chief Justice Harrison.