JUSTICE TRIEWEILER,
concurring.
*421 ¶28 I concur with the result of the majority opinion. I do not agree with all that is said therein.
¶29 In particular, I disagree that we have not previously adopted a “stranger to the contract” exception to the parol evidence rule. In Read v. Lewis & Clark County (1919), 55 Mont. 412, 178 P. 177; Greening v. Gazette Printing Co. (1939), 108 Mont. 158, 88 P.2d 862; and Fillinger v. Northwestern Agency, Inc. (1997), 283 Mont. 71, 938 P.2d 1347, this court clearly accepted and articulated the “stranger to the contract” exception. If the majority chooses not to follow that rule of law or to modify it, the prior authorities should be reversed or modified.
¶30 However, I do not believe that any analysis of the “stranger to the contract” exception is necessary in order to resolve the issue raised on appeal. The dispute in this case is over pipeline sold by Cenex to Glen Habets. Swansons contend that the same pipeline was sold by Cenex to them. However, Swansons concede that they have no enforceable claim to the pipeline against Cenex. Cenex transferred to Swansons only the pipeline referred to in the written contract. The pipeline claimed by Swansons was not included in the written contract. Other than through the transaction with Cenex, Swansons have demonstrated no basis for a claim to the pipeline. They have had no transaction with Habets related to the pipeline. Swansons cite no authority (and I am not aware of any) for the principle that they have a greater claim against a transferee with whom they have had no dealing than with the transferor with whom they dealt. I would conclude they have no greater claim against Cenex’s transferee than they had against Cenex.
¶31 For these reasons, I would affirm the judgment of the District Court.